TCC:jp 080703

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IGNACIO HUMANN, individually and on behalf
all others similarly situated,

                Plaintiff,

    v.                                    No. 07 C 7165

ORESTES GARCIA d/b/a North & Elston Amoco,      Judge Andersen

                Defendant.                    Magistrate Judge Nolan

DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS

Now comes the defendant, Orestes Garcia, by and through his attorney, Thomas C. Crooks, and replies in support of his motion to dismiss as follows:

I.    Introduction

Defendant has moved, pursuant to Rule 12(b)(6), to dismiss plaintiff's claim under the EFTA. Defendant's motion is based upon the fact that plaintiff's complaint alleges a set of facts which do not violate the explicit language in the EFTA. Specifically, plaintiff's complaint is based on the allegation that the amount of the ATM fee posted on the outside of the ATM machine at issue was inaccurate,[1] an issue not addressed by the statute.

Plaintiff attempts to get around this fact by arguing that the alleged inaccurate ATM fee posted on the outside of the machine renders the fee displayed on the ATM screen, which plaintiff acknowledges was accurate, not "clear and readily understandable."

II.    Plaintiff Does Not Allege That The Fee Notice Was Not Clear and Understandable.

Nowhere in his complaint does the plaintiff allege that the fee notice on the screen of the

---

[1] See page 5 of plaintiff's memorandum of law ("it is undisputed that, in spite of these requirements, defendant's posted ATM fee notice ($2.00) contradicted the amount of the fee defendant disclosed on his ATM screen ($2.50).")

1

ATM was not "clear and understandable." Rather, plaintiff bases his claim on his allegation that the fee posted on the outside of the machine varied from that on the ATM screen. Since the statute only addresses the accuracy of the fee stated on the computer screen, it is that screen that is referenced by the regulations, cited by the plaintiff, requiring that the notice be both "clear and understandable." Plaintiff's failure to allege that the notice on the screen was not clear and understandable, dooms his claim in the same manner as his failure to allege that the fee notice on the ATM screen was inaccurate.

Plaintiff's argument that the alleged contradictory information regarding the fee amount on the outside of the machine, when compared to the ATM screen, makes the fee unclear is simply not logical. Nowhere does plaintiff allege that he was misled by the statement on the outside of the machine in such a way that he was confused by the fee notice on the ATM screen. Plaintiff, of course, argues that the EFTA is a strict liability statute and that the plaintiff need not show that he was specifically misled. True enough. However, this fact ultimately undercuts plaintiff's argument. The statute is based on a theory of strict liability, therefore the plaintiff need not be misled in order for there to be a violation of the statute. It then logically follows that the requirements of the statute must be strictly applied.

In other words, because the statute only addresses the accuracy of the fee displayed on the ATM screen, the strict liability of the statute should only apply if the specific requirements of the statute have not been met. If liability is to be based upon the principal of strict liability, the prohibitions contained within the statute must be strictly construed.

As is apparent by plaintiff's response to the motion, the gist of the alleged violation is that the user of the ATM must be informed of the amount of the fee "before the consumer is irrevocably committed to completing the transaction." 15 U.S.C. § 1693b(3). In this case the

2

plaintiff has not alleged that he was not informed of the correct fee prior to committing to the transaction, indeed, since plaintiff admits that the fee displayed on the screen was accurate, he cannot make such an allegation.

Plaintiff argues at page two of his memorandum that "defendant's argument, if accepted, would allow all ATM operators to falsely notify consumers of a fee amount, but then actually charge whatever they want." This is simply not true. If the operator of the ATM provided a false statement of the fee on the ATM screen, it would clearly be in violation of the statute. If, on the other hand, as the facts are here, the ATM screen correctly identified the amount of the fee, the machine operator will not be charging "whatever they want" when the consumer decides to proceed with the transaction after being given notice of the fee.

III.     The Act Was Not Violated.

Plaintiff provides long quotations of the statutes involved, highlighting certain sections. What plaintiff does not highlight is any section indicating that it is a violation of the statute to have an incorrect fee stated in the notice on the outside of the ATM machine. Rather, a reading of the regulations, as provided by the plaintiff, clearly shows that there was no violation in this case. Subsection (c) of 12 C.F.R. § 205.16 clearly provides that "on the machine" the operator must only provide notice that "a fee will be imposed for providing electronic fund transfer services or for a balance inquiry." This section further indicates that relative to the "screen or paper notice," the operator must disclose the amount of the fee "before the consumer is committed to paying a fee." Nowhere in plaintiff's complaint does he allege that this section of the act was violated. Indeed, since plaintiff has admitted that the amount of the fee displayed on the screen was accurate, he cannot make such an allegation.

IV.    <u>Case Law Does not Support Plaintiff's Position.</u>

Plaintiff cites *Gibson v. Bob Watson Chevrolet-Geo Inc.*, 112 F.3d 283 (7th Cir. 1997) for the proposition that a party can be held liable for false information provided to a consumer even if the law did not require the information to be provided. *Gibson* was brought under the Truth in Lending Act and concerned an auto dealership providing an inaccurate itemization of financing costs. The court noted that "the consumer is not entitled to the statement unless he makes a written request for it," and apparently no request was made in this case. However, the law permitted the creditor to "skip" the need for a request from the consumer and provide the information anyway, which the defendant did. Plaintiff simply misconstrues this case. In *Gibson*, the ITLA specifically required that if the consumer was provided an itemization of financing costs, the itemization must be accurate. In the case before this court the statute does not address the issue of inaccurate fee information on the outside of the ATM machine. Additionally, in *Gibson* the defendant never corrected the false information, whereas here plaintiff acknowledges that the consumer was provided the accurate information on the ATM screen prior to committing to the transaction.

Plaintiff relies heavily on Judge Plunkett's decision in *Burns v. First American Bank*, 2005 U.S. Dist. Lexis 9485, indeed it models its motion response upon the reasoning in that case. *Burns* essentially holds, as discussed earlier, that the inclusion of inaccurate pricing on the outside of the ATM machine renders the accurate information on the computer screen unclear. This reasoning is flawed for the reasons discussed above but also because the decision fails to apply the correct standard to statutes like the EFTA.

"When a statute is prohibitory, regulatory or penal in nature, a strict construction is appropriate." *Crima v. Wellpoint,* 2006 U.S. Dist. LEXIS 47061 *25. Likewise, when a statute is

4

in derogation of the common law it should be strictly construed. *Cherney v. Soldinger,* 299 Ill. App.3d 1066, 1072, 702 N.E.2d 231 (1st Dist. 1998). Here the EFTA clearly creates obligations on the part of ATM operators which were not required under the common law. And there can be no doubt that the EFTA is prohibitory, regulatory and penal. The statute sets up a damages scheme which goes far beyond actual losses suffered by consumers. See 15 U.S.C. § 1693m. This is clearly done for the purpose of penalizing violators and thereby discouraging violations.

In light of these factors, the EFTA must be strictly construed. Strict construction is inconsistent with finding a violation of the statute based upon a set of facts not addressed by the statute.

IV.    Conclusion

The statute under which plaintiff has filed suit does not address the fact situation which has been plead. The EFTA is silent on the question of whether it is a violation of the act for the notice on the outside of the ATM to misstate the transaction fee when that fee is stated accurately on the screen of the ATM. When the EFTA is strictly construed, as it should be, it is clear that no cause of action can be implied on these facts.

                Respectfully submitted,

                s/ Thomas C. Crooks_____
                Thomas C. Crooks
                Attorney for Defendant

Thomas C. Crooks
Attorney at Law
Three First National Plaza, #1950
Chicago, Illinois 60602
Telephone: (312) 641-2260
Facsimile:  (312) 641-5220

CERTIFICATE OF SERVICE

      I hereby certify that on July 7, 2008, I electronically filed the foregoing with the United States District Court using the CM/ECF system which will send notification of such filing to counsel of record.

                                              s/ Thomas C. Crooks  
                                              Thomas C. Crooks  
                                              Attorney for Defendant