## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7165 | **DATE** | September 8, 2008 |
| **CASE TITLE** | Humann v. Garcia, et al. | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, we deny the motion of Defendant Orestes Garcia to dismiss Plaintiff's Complaint. (# 12). Defendant is given until September 12, 2008 to file an Answer to the Complaint. This case is set for status on September 25, 2008 at 9:00 a.m. in Courtroom 1403.

■ [ For further details see text below.]      Docketing to mail notices.

## STATEMENT

    This case is before the Court on the motion of Defendant Orestes Garcia d/b/a North & Elston Amoco to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, we deny the motion to dismiss.

    In the Complaint, Plaintiff alleges that Defendant violated the Electric Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq* and its supporting Regulation E, 12 C.F.R. § 205 *et seq*. Plaintiff alleges that the notice on the outside of Defendant's ATM stated that consumers would be charged a $2.00 service fee for using the ATM, while the notice on the ATM screen later indicated that the fee would be $2.50. Plaintiff alleges that he was ultimately charged a fee of
$ 2.50 to withdraw money from the ATM. Plaintiff alleges that because Defendant charged Plaintiff an ATM service fee that was more than the notice posted on its machine, Defendant has violated the EFTA.

    In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). Under Fed. R. Civ. P. 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted that language to impose two minimal hurdles. "First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 ( 7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the complaint's allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Concentra Health*, 496 F.3d at 776-77 (citing *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n.14).

**STATEMENT**

The EFTA requires ATM machines to provide certain notice to consumers. Section 1693(b) of the Act requires that ATM operators disclose: 1) that a fee will be imposed; and 2) the amount of the fee. The Act also requires that fee notices be provided in two locations–on the screen and on the outside of the machine, but the Act does not require an ATM operator to state the amount of the fee on the notice posted on the outside of the ATM.

In this case, Defendant posted a notice on the outside of the ATM which indicated that the service fee would be $2.00 and also posted a notice on the screen of the ATM, once a customer began the transaction, indicating that the fee would be $2.50 (the fee which was ultimately charged). Defendant contends that this Court should dismiss Plaintiff's Complaint because Defendant allegedly listed the correct fee ($ 2.50) on the screen of the ATM. Assuming that the on-screen notice was correct, a consumer still would not know which notice ($2.00 or $ 2.50) was correct prior to completing the transaction and being charged a fee. The EFTA was enacted to promote disclosure and to protect consumers. The conflicting amounts on the two notices render both notices unclear, thus violating the EFTA's purpose of promoting clear, readily understandable and accurate disclosures. This exact reasoning has been applied by Judge Plunkett of this Court in *Burns v. First American Bank*, No. 04 C 7682 (N.D. Ill. April 28, 2005), wherein he denied a similar motion to dismiss. We adopt the clear reasoning of Judge Plunkett in the *Burns* case.

For the foregoing reasons, we deny the motion of Defendant Orestes Garcia to dismiss Plaintiff's Complaint. (# 12). Defendant is given until September 12, 2008 to file an Answer to the Complaint. This case is set for status on September 25, 2008 at 9:00 a.m. in Courtroom 1403.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: September 8, 2008