TCC:kr 9/11/08 5:14 pm

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IGNACIO HUMANN, individually and on behalf
all others similarly situated,

            Plaintiff,

  v.

ORESTES GARCIA d/b/a North & Elston Amoco,

            Defendant.

No. 07 C 7165

Judge Andersen

Magistrate Judge Nolan

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Now comes the defendant, Orestes Garcia, d/b/a North & Elston Amoco, by and through his attorney, Thomas C. Crooks, and answers plaintiff's Class Action Complaint as follows

The Parties

1. Plaintiff is an Illinois citizen and resides in this district.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. On information and belief, Defendant is an individual that resides in this district and does business as North & Elston Amoco.

**ANSWER:** Defendant admits only that he is an individual that resides in this district and has an ownership interest in North & Elston Amoco, Inc., which does business as North & Elston Amoco. Defendant denies the remaining allegations in paragraph 2.

1

Jurisdiction and Venue

3.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.;* and Regulation E, 12 C.F.R. § 205.1 *et seq.*

**ANSWER:** Defendant admits the allegations contained in paragraph 3.

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred in this district, Plaintiff resides in this district and Defendant conducts business in this district.

**ANSWER:** Defendant admits that venue is proper in this district and that the alleged transaction at issue occurred in this district. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's residence. Defendant admits that he has an ownership interest in North & Elston Amoco, Inc., which does business in this district. Defendant denies the remaining allegations in paragraph 2.

Statutory/Regulatory Authority

5.  The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation B, 12 C.F.R. § 205.1 *et seq.,* require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

**ANSWER:** Defendant admits the allegations contained in paragraph 5.

6.   Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C,F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

**ANSWER:**   Defendant admits the allegations contained in paragraph 6.

7.   The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation B, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

**ANSWER:**   Defendant admits the allegations contained in paragraph 7.

Facts Related to Ignacio Humann

8.   On August 14, 2007, Plaintiff used automated teller machine ("ATM") number A503550 ("ATM A503550"), located at North & Elston BP, 1600 North Elston Avenue, Chicago, IL 60622.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.   On August 14, 2007, Plaintiff was charged a $2.50 fee to withdraw money from ATM A503550.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. On August 14, 2007, at the time Plaintiff used ATM A503550, the notice on the outside of ATM A503550 stated that consumers would be charged a $2.00 fee for using ATM A503550.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

COUNT I
VIOLATION OF EFTA AND REGULATION E

11. Plaintiff incorporates herein by reference paragraphs 1-10.

**ANSWER:** Defendant incorporates his answers to paragraphs 1-10.

12. Plaintiff brings this Count on behalf of himself and a Class of all persons who (a) were charged a transaction fee for the use of automated teller machine number A503550, located at North & Elston Amoco, 1600 North Elston Avenue, Chicago, Illinois 60622 (b) in an amount different from the transaction fee disclosed on the fee notice posted on the outside of automated teller machine number A503550.

**ANSWER:** Defendant admits that plaintiff brings this action on behalf of a class of persons as described above, but denies that defendant has violated the law in any manner.

13. Pursuant to Fed. R. Civ, P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

4

**ANSWER:**   Defendant denies the allegations contained in paragraph 13.

14.   Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because questions of law and fact common to the class predominate over any questions affecting only individual putative class members, including:

(a)   Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers; and

(b)   Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

**ANSWER:**   Defendant denies the allegations contained in paragraph 14.

15.   Pursuant to Fed. R. Civ. p. 23, a class action is appropriate and preferable because Plaintiff's claims are typical of the claims of the putative class members, including:

(a)   Plaintiff and all putative class members used an ATM operated by Defendant;

(b)   Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative class members; and

(c)   Defendant illegally imposed a fee on Plaintiff and all putative class members for their respective use of ATM A503550.

**ANSWER:**   Defendant denies the allegations contained in paragraph 15.

16.   Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the class and Plaintiff has hired counsel able and experienced in class action litigation.

**ANSWER:**   Defendant admits that Plaintiff has hired counsel able and experienced in class action litigation, but denies the remaining allegations contained in paragraph 16.

17.   Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because questions of law or fact common to the putative class predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

**ANSWER:**   Defendant denies the allegations contained in paragraph 17.

18.   Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

**ANSWER:**   Defendant denies the allegations contained in paragraph 18.

19.   Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

**ANSWER:**   Defendant denies the allegations contained in paragraph 19.

20.   Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

**ANSWER:**    Defendant denies the allegations contained in paragraph 20.

21.    Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

**ANSWER:**    Defendant denies the allegations contained in paragraph 21.

22.    Defendant was the ATM operator of ATM A503550 at all times relevant to this action.

**ANSWER:**    Defendant denies the allegations contained in paragraph 22.

23.    Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

**ANSWER:**    Defendant denies the allegations contained in paragraph 23.

24.    Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant, therefore, illegally imposed a fee on Plaintiff and all putative class members for their respective use of ATM A503550.

**ANSWER:**    Defendant denies the allegations contained in paragraph 24.

## FIRST AFFIRMATIVE DEFENSE

At all relevant times hereto the defendant and North & Elston Amoco, Inc. acted in good faith and if any violation of the statute occurred it was unintentional and as a result of a bona fide error.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited to one percent of the net worth of the ATM operator.

WHEREFORE, Defendant respectfully requests that Plaintiff's Class Action Complaint be dismissed with prejudice, that defendant be awarded his costs of defending against Plaintiff's Complaint and such further relief as this court deems just.

September 12, 2008                                         s/Thomas C. Crooks
                                                            Thomas C. Crooks
                                                            Attorney for Defendant

Thomas C. Crooks
Attorney at Law
Three First National Plaza, #1950
Chicago, Illinois 60602
Telephone: (312) 641-2260
Facsimile:  (312) 641-5220